```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
          v.                   )    Criminal No. 2017-40
                               )
KENNETH JAMES,                 )
                               )
          Defendant.           )
                               )
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Joseph A. DiRuzzo, III**
Ft. Lauderdale, FL
    *For defendant Kenneth James.*

<u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of Kenneth James to withdraw his plea of guilty.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 16, 2017, the United States filed a Complaint charging Kenneth James ("James") with conspiracy to possess cocaine and possession with intent to distribute cocaine. James's initial appearance was held that day, and Attorney David J. Cattie ("Attorney Cattie") was appointed to represent James.

On September 11, 2017, the United States filed a two-count Information against James. Count One charged James with conspiracy to distribute narcotics, specifically 12 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Count Two charged James with possession with intent to distribute narcotics, specifically 12 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).

On January 12, 2018, James, through Attorney Cattie, filed a motion for a change of plea hearing, which indicated that "[t]he Government and Defendant have agreed to enter into a negotiated plea agreement." *See* ECF No. 28. On January 15, 2018, James, through Attorney Cattie, filed the plea agreement between the parties. Pursuant to that agreement, James would plead guilty to Count One of the Information, which charged James with "conspiring to possess with intent to distribute more than five kilograms of cocaine." *See* ECF No. 29 at 1

The Court held a change of plea hearing on January 19, 2018. During the plea colloquy, in response to the Court's inquiries, James indicated that he had graduated from third grade and could read and write in English. James assured the Court that the documents in this case had been explained to him and that he was satisfied with the representation that Attorney Cattie had provided him. James also indicated that no one had

promised him anything or made any threats to cause him to enter into a plea and that he was entering his plea of his own free will. After admitting to the allegations in the Information, James pled guilty. The Court accepted James's guilty plea.

On May 3, 2018, James filed a pro se motion captioned "motion to dismiss counsel based upon ineffectiveness of counsel." *See* ECF No. 35 at 1. In that document, James asserted that Attorney Cattie "put me under Duress to force [James] to take a plea of something. that was never. investigated in [his] favor" and for which there was no "proof of any wrong doings." *See id.* at 1. James asserted that Attorney Cattie made several misrepresentations regarding this Court, including: (1) telling James "that [he] need[ed] to take a plea because your honor Gomez 'supports corruption'"; (2) telling James that "the Judge system in St. Thomas 'support corruption' and the people in these high positions are 'racist'"; and (3) telling James "that one of the reasons why the Judge and Jury wouldn't believe [James] is because the Judge supports corruption." *See id.* at 1-2. James also accused Attorney Cattie of: (1) "never t[aking] the time to explain me in detail about the plea agreement"; (2) having "already proven me guilty before any investigation deeply into this case"; (3) telling James that he "h[ad] to sign the plea because [the new prosecutor on St. Thomas] wouldn't give

[James] a second chance." *See id.* Finally, James asserted that his "educational level is very poor to the point that I can't read or comprehend to a level where [he] can trust [Attorney Cattie]." *See id.* at 1.

On May 7, 2018, Attorney Cattie moved to withdraw as James's attorney. The Court referred the motion to withdraw to the Magistrate Judge. On May 16, 2018, the Magistrate Judge granted the motion, relieved Attorney Cattie as counsel, and appointed Joseph DiRuzzo ("Attorney DiRuzzo") to represent James.

On July 5, 2018, James, through Attorney DiRuzzo, moved to withdraw his guilty plea.

## II. DISCUSSION

"Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). Instead, under Federal Rule of Criminal Procedure 11 ("Rule 11"), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence," only "if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is

substantial." *United States v. Jones,* 336 F.3d 245, 252 (3d Cir.2003).

The Court considers three factors in determining whether to grant a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252. "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Brown*, 250 F.3d at 815 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)).

A court may rule on a motion to withdraw a guilty plea without an evidentiary hearing "if the record in the proceedings leading to the plea shows compliance with rule 11, or if it shows conclusively that the plea was voluntarily, knowingly and intelligently made. Short of these situations, a hearing is required." *United States v. Jasper*, 481 F.2d 976, 978-79 (3d Cir. 1973).

**A. Assertion of Innocence**

James asserts that he "is actually innocent of the crimes charged." *See* ECF No. 45 at 3. Significanly, James does not assert that he did not commit the acts alleged in the indictment. Rather, James claims he is innocent "because he was entrapped by the Government." *See id.* Specifically, James claims that "the Government's confidential informant set [James] up to commit a crime he would not committed [sic] as evidenced by the fact that [James] . . . has no criminal history. Further, it was the Government's confidential informant who put together the drug deal (that is, it wasn't [James] who sought out the confidential informant)." *See id.* at 4.

"[I]n assessing a defendant's claim of 'legal innocence' for purposes of withdrawal of a guilty plea, [the Court] must first examine whether the defendant has asserted his or her factual innocence." *Brown*, 250 F.3d at 818. Assertions of mere "'legal innocence' [are] insufficient to justify the withdrawal of a guilty plea; proof of *factual* innocence is required." *United States v. Monac*, 120 Fed. App'x 924, 927 (3d Cir. 2005); *see also United States v. Kenley*, 299 Fed. App'x 184, 186 (3d Cir. 2008) (explaining that "a defendant must first assert *factual* innocence" to justify allowing him to withdraw a plea of guilty(emphasis added)).

"A valid entrapment defense has two related elements: (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. Wright*, 921 F.2d 42, 44 (3d Cir. 1990). "Entrapment is a 'relatively limited defense that may defeat a prosecution only when the Government's deception actually implants the criminal design in the mind of the defendant.'" *Id.* at 44 (quoting *United States v. Fedroff*, 874 F.2d 178, 182 (3d Cir. 1989)). "Entrapment occurs when a defendant who was not predisposed to commit the crime does so as a result of the government's inducement." *United States v. Dennis*, 826 F.3d 683, 690 (3d Cir. 2016) (quoting *United States v. Jannotti,* 673 F.2d 578, 597 (3d Cir. 1982)). Accordingly, an entrapment defense is a claim of legal innocence, not factual innocence. *See United States v. Bustos*, 61 F.3d 912 (9th Cir. 1995) (discussing "a claim of legal innocence based on entrapment"); *United States v. Nelson*, No. 1:09-CR-0211, 2011 WL 882302, at *4 (M.D. Pa. Mar. 11, 2011) (holding that defendant's claim of entrapment was a claim of "legal innocence," not "factual innocence," and thus insufficient to support withdrawal of guilty plea); *Bell v. Howes*, No. 07-14481-BC, 2008 WL 4852716, at *5 (E.D. Mich. Nov. 5, 2008) ("Entrapment . . . establishes only legal innocence, not factual innocence."). For

this reason, James has not "assert[ed] his innocence" within the meaning of the Rule 11(d)(2)(B) test. *See Jones*, 336 F.3d at 252.

Further, even if James's assertion of legal innocence were sufficient, "[b]ald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. Rather, assertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Johnson*, 491 Fed. App'x 326, 329-30 (3d Cir. 2012) (internal quotation marks omitted). James asserts that he was entrapped by a confidential informant. Significantly, however, James has not provided the Court with any details on how he was entrapped, let alone pointed to any evidence of the alleged entrapment.

### B. Reasons for Withdrawing Guilty Plea

James seeks to withdraw his guilty plea on the basis that his plea was involuntary. He asserts that his plea was involuntary for two reasons. First, James asserts that his previous attorney was constitutionally ineffective. Specifically, James claims that his previous attorney "forced" him to plead guilty by telling James that the undersigned "supported corruption" and that the undersigned would not believe that he was innocent. *See* ECF No. 35 at 1. James also asserts that his previous attorney "never took the time to

explain [to him] in detail about the plea agreement" and did not investigate his case. *See id.*

A guilty plea is valid only if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). A valid claim of ineffective assistance of counsel negates the intelligent and voluntary nature of a guilty plea and provides a basis for withdrawing it. *Id.*

"A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253–54 (citations omitted). Under the prejudice prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694 (1984).

Statements made under oath at a plea colloquy "carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Significantly, during the plea colloquy, James averred that he had "had an opportunity to have the documents in this case," including the plea agreement, "explained to [him]" and that he was "satisfied with the representation [he had] received from [Attorney Cattie]." *See* ECF No. 48, Exh. 1 at 4. James also averred that he was not entering into the guilty plea based on any promises or threats and that he was "entering th[e] plea of [his] own free will." *See id.* at 4-5. Other than his vague allegations of misconduct, James has pointed to nothing that contradicts his statements at the plea colloquy. As such, James has not shown that Attorney Cattie's representation was constitutionally deficient. See *United States v. Haubrich*, 744 F.3d 554, 557 (8th Cir. 2014) ("Haubrich acknowledged that his counsel's performance was reasonable during the change-of-plea hearing. A defendant's 'failure to assert any objections to counsel's performance at his change of plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea.'" (*United States v. Hughes,* 16 F.3d 949, 951 (8th Cir.1994)); *United States v. Pulido*, 566 F.3d 52, 60 (1st Cir. 2009) ("Pulido's allegations have no independent

corroboration to support disregarding his representations at the change of plea colloquy. Thus, we not only view his plea colloquy as evidential, but sufficiently conclusive to contradict his claims."); *United States v. Fadl*, 498 F.3d 862, 865 (8th Cir. 2007) ("Fadl's allegations concerning the voluntariness of his guilty plea were inconsistent with his testimony during the plea hearing, and thus the district court did not err in denying his motion to withdraw his plea."); *United States v. Hatch*, 696 Fed. App'x 756, 758 (8th Cir. 2017) ("Hatch's testimony at the change-of-plea hearing refutes his current claim that his first attorney lied to him and misled him during plea negotiations.")

Further, James has provided no reason how or why Attorney Cattie's alleged conduct caused James to forgo a jury trial and admit guilt. *United States v. Hannibal*, 663 Fed. App'x 206, 209 (3d Cir. 2016) ("Hannibal offered no evidence or explanation about how her original counsel in any way interfered with her decision to plead guilty."). Indeed, it seems that a reasonable defendant, believing he faced sentencing at the hands of a corrupt and biased judge, would be hesitant to forgo the protections afforded by a jury trial.

James's second reason for withdrawing his guilty plea is

that, as a result of "his lack of education and poor reading skills, [he] did not fully understand the legal the [sic] alternative courses of action open to him." Again, this allegation is flatly contradicted by James's statements at the plea colloquy that he "read[s] and write[s] in English" and had "had an opportunity to have the documents in this case explained to [him]." *See* ECF No. 49, Exh. 1 at 4. In addition, the Court notes that, while James asserts that he only received a third grade education, he filed a 2-page pro se motion with the court that coherently asserted his arguments in neatly hand-written script.

In sum, the Court finds that James has not provided sufficiently strong reasons to justify withdrawing his guilty plea.

Having found that James failed to meaningfully assert his innocence or provide an adequate reason to withdraw his guilty plea, the Court need not consider the prejudice to the Government. See *Jones,* 336 F.3d at 255 ("[T]he Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the

plea.").

The premises considered; it is hereby

**ORDERED** that the motion to withdraw the guilty plea is **DENIED**.

                                                S\_____
                                                **CURTIS V. GÓMEZ**
                                                **District Judge**