# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) ) Case No. 3:17-cr-0040 |
| v. | ) ) |
| **KENNETH JAMES,** | ) ) |
| **Defendant.** | ) |

**APPEARANCES:**

**Gretchen C.F. Shappert, Esq., United States Attorney**
**Kyle Payne, Esq., AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Kenneth James**
White Deer, PA
   *Pro se.*

## ORDER

**BEFORE THE COURT** is Defendant Kenneth James' ("James") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 65.). The United States of America (the "Government") opposes the motion. For the reasons stated below, the Court will deny the motion.

On August 16, 2017, the Government filed its initiating Complaint against James, alleging two counts: conspiracy to possession with the intent to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(ii)(II). On September 11, 2017, the Government filed an Information charging James with the same two counts.

On January 19, 2018, James changed his plea to a plea of "guilty" on Count I of the Information, conspiracy to possession with the intent to distribute cocaine. On July 5, 2018, James moved to withdraw his guilty plea. *See* ECF No. 45. That motion was denied by the

*United States. v. James*
Case No. 3:17-cr-0040
Order
Page 2 of 4

Court. *See* ECF No. 54.  On July 11, 2018, James was sentenced to a term of seventy-eight (78) months incarceration followed by a five (5) year term of supervised release.

On February 18, 2020, James filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See* ECF No. 65.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows prisoners to collaterally attack their sentences by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining that "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

To prevail on a section 2255 motion, a prisoner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *Id.* § 2255(b). A section 2255 motion is not, however, a substitute for an appeal. *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Thus, the general rule is that a prisoner procedurally defaults on a claim if he "neglected to raise [it] on direct appeal." *Id.* (citation omitted); *accord Massaro v. United States*, 538 U.S. 500, 504 (2003). Moreover, a section 2255 motion may not "be used to relitigate matters decided adversely on appeal." *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citation omitted).

The standard for ineffective assistance of appellate counsel is generally the same as for trial counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). When a petitioner contends appellate counsel failed to raise specific issues, a petitioner must show (1) his appellate

counsel's representation fell below an objective standard of reasonableness—that is, "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them," *id.*, and (2) there is a reasonable probability that, if counsel had raised the issue on direct appeal, the result of his appeal "would have been different." *United States v. Solomon*, 2013 WL 869648, at *24 (W.D. Pa. Mar. 7, 2013) (quoting *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000)). Focusing on issues most likely to prevail "is the hallmark of effective appellate advocacy." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)). Accordingly, where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith*, 528 U.S. at 288. To overcome the presumption of competence of appellate counsel, a petitioner must show the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.* (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)); *Hall v. Bartkowski*, 2013 WL 1385610, at *3 (D.N.J. Apr. 3, 2013) (citing *Jones v. Barnes*, 463 U.S. 745, 750 (1983) (rejecting "per se rule that appellate counsel must raise every nonfrivolous issue")).

In his motion, James states that his counsel "failed to file notice of appeal as requested." ECF No. 65, at 4. James cites the reason for his delay in filing his motion as, despite asking several times for the status of his appeal, based on advice with "Inmate's law clerk," he suspects that his attorney "probably did not appeal [his] sentence." *Id.* at 10. Accordingly, James requests that the Court "[v]acate and reinstate Judgment and direct the clerk of court to file a notice of appeal." *Id.* at 12.

On May 29, 2020, the Government filed its opposition. Therein, the Government counters that James' attorney did, in fact, file a timely notice of appeal addressing several issues, not including James' sentence, because James waived his right to appeal his sentence as part of his plea agreement. ECF No. 73, at 2.

James' appointed counsel did in fact file a timely notice of appeal on several issues, and those issues were addressed on their merits by the Third Circuit. *See generally United States v. James*, 928 F.3d 247 (3d Cir. 2019). Notably excluded from the issues on appeal was the question of James' sentence specifically. However, the Third Circuit addressed this as

well, noting that "the defendant knowingly waive[d] the right to appeal any sentence," and that "[w]aivers of appeals should be strictly construed." *Id.* at 252 (internal citations and quotations omitted); *see also* Plea Agreement, ECF No. 29, at 6 ("... the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction....").

Here, James' sole justification for the relief he seeks is that he requested that his attorney file an appeal of his sentence and that his attorney did not do so. *See* ECF No. 65, at 4, 10. And, the sole relief he seeks is the opportunity to appeal that sentence. *See id.* at 12. However, James has already either received, or waived, that relief. Not only did his attorney file a timely notice of appeal on several issues, all of which were affirmed by the Third Circuit, but James knowingly, voluntarily, intelligently, and specifically waived his right to appeal his sentence in exchange for concessions made by the Government in his plea agreement. ECF No. 29, at 6. As the Third Circuit noted in James' appeal, "[w]aivers of appeals should be strictly construed." *James*, 928 F.3d at 252 (quoting *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001)). Therefore, because James has either received or has knowingly waived the relief he seeks, the Court will deny his motion.

Accordingly, it is hereby

**ORDERED** that Kenneth James' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, ECF No. 65, is **DENIED;** it is further

**ORDERED** that James' motion for a status update on his 2255 motion, ECF No. 81, is **MOOT**; and it is further

**ORDERED** that the Clerk's Office shall provide a copy of this Order to Defendant Kenneth James.

**Dated:** February 7, 2022         */s/ Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **Chief Judge**